IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.,<br>501 School Street, S.W., Suite 700<br>Washington, DC  20024, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | Civil Action No. |
| v. | | |
| UNITED STATES SECRET SERVICE,<br>245 Murray Drive, Building 410<br>Washington, DC  20223, | )<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF**

Plaintiff Judicial Watch, Inc. brings this action against Defendant United States Secret Service to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Judicial Watch, Inc. alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and has its principal place of business at 501 School Street, S.W., Suite 700, Washington, DC  20024.  Plaintiff seeks to promote integrity, transparency, and

accountability in government and fidelity to the rule of law. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant United States Secret Service ("the Secret Service") is an agency of the United States Government. Defendant has its principal place of business at 245 Murray Drive, Building 410, Washington, DC 20223. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On August 10, 2009, Plaintiff sent a FOIA request to the Secret Service, by certified U.S. mail, return receipt requested, seeking access to the following records:

> All official visitor logs and/or other records concerning visits made to the White House from January 20, 2009 to the present.

6. According to U.S. Postal Service records, the Secret Service received Plaintiffs FOIA request on August 14, 2009. Pursuant to 5 U.S.C. § 552 (a)(6)(A)(i), the Secret Service was required to respond to Plaintiffs request within twenty (20) working days of receipt, or by September 14, 2009.

7. On October 8, 2009, Craig W. Ulmer, Special Agent in Charge, Freedom of Information and Privacy Acts Officer, sent Plaintiff a letter informing Plaintiff that the Secret Service interpreted the request to encompass "Access Control Records System (ACR) records and/or Workers and Visitors Entry System (WAVES) records" and asserting that the Secret Service determined the requested records "are not agency records subject to the FOIA."

8. On November 3, 2009, Plaintiff sent a timely administrative appeal letter to the U.S. Secret Service specifically appealing the Secret Service's denial of Plaintiffs request. In its appeal letter, Plaintiff demonstrated that the Secret Service's assertion that the requested records are not agency records subject to FOIA has been litigated and rejected repeatedly. *Washington Post* v. *U.S. Dep't of Homeland Security,* 459 F. Supp 2d 61, 72 (D.D.C. 2006) ("the WAVES records are subject to FOIA processing"); *see also, Citizens for Responsibility and Ethics in Washington* v. *US. Dep't of Homeland Security,* 592 F. Supp. 2d 111, 124 (D.D.C. 2009); *Citizens for Responsibility and Ethics in Washington* v. *US. Dep't of Homeland Security,* 527 F. Supp. 2d 76, 89 (D.D.C. 2007); and *Citizens for Responsibility and Ethics in Washington* v. *U.S. Dep't of Homeland Security,* 459 F. Supp. 2d 61, 71-72 (D.D.C. 2006).

9. Contrary to well-established case law, on December 3, 2009, Kevin L. Prewitt, Deputy Director of the Secret Service, denied Plaintiffs administrative appeal, asserting that the Secret Service "maintains its position as stated in the October 8, 2009 response" that the requested records are not agency records subject to FOIA.

10. Because the Secret Service has denied Plaintiffs administrative appeal, Plaintiff has exhausted all administrative remedies with respect to its August 14, 2009 FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(A)(ii).

11. Since Plaintiff sent its August 14, 2009 FOIA request to the Secret Service, the White House has released certain visitor records voluntarily, pursuant to its discretionary release policy. The White House's voluntary production of a portion of the requested records, however, does not satisfy the Secret Service's statutory obligation to produce any and all nonexempt

records responsive to Plaintiffs request. Nor does it remedy the Secret Service's claim, contrary to well-established case law, that the requested records are not agency records subject to FOIA.

## COUNT 1
(Violation of FOIA)

12. Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13. Defendant has violated FOIA by failing to produce the requested records

14. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the requirements of FOIA.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare White House visitor logs are Secret Service records and are subject to FOIA; (2) declare Defendant's failure to comply with FOIA to be unlawful; (3) order Defendant to search for and produce any and all non-exempt records responsive to Plaintiffs August 10, 2009 request and a *Vaughn* index of allegedly exempt records responsive to the request by a date certain; (4) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (5) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (6) grant Plaintiff such other relief as the Court deems just and proper.

-4-

Dated: December 7, 2009

Respectfully submitted,

JUDICIAL WATCH, INC.

_____
Paul J. Orfanedes
D.C. Bar No. 429716

_____
James F. Peterson
D.C. Bar No. 450171
501 School Street, S.W., Suite 700
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*