

RECEIVED
U.S. SECRET SERVICE
2009 AUG 20 P 3: 36
FREEDOM OF INFORMATION
PRIVACY ACTS OFFICER

August 10, 2009

**VIA CERTIFIED MAIL**

United States Secret Service
Communications Center (FOI/PA)
245 Murray Lane
Building T-5
Washington, D.C. 20223

**Re: Freedom of Information Act Request**

Dear Freedom of Information Officer:

     Pursuant to the provisions of the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Judicial Watch, Inc. hereby requests that the United States Secret Service produce any and all agency records concerning the following subjects within twenty (20) business days:

> 1) All official visitors logs and/or other records concerning visits made to the White House from January 20, 2009 to present.
>
> For purposes of this request, the term "White House" includes any office or space on White House grounds.

     We call your attention to President Obama's January 21, 2009 Memorandum concerning the Freedom of Information Act, in which he states:

> All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA...The presumption of disclosure should be applied to all decisions involving FOIA.[1]

President Obama adds that "The Freedom of Information Act should be administered with a clear presumption: In the case of doubt, openness prevails." Nevertheless, if any responsive record or portion thereof is claimed to be exempt from production under

---

[1] President Barack Obama, "Memorandum for the Heads of Executive Departments and Agencies, Subject: Freedom of Information Act," January 21, 2009; <http://www.whitehouse.gov/the_press_office/FreedomofInformationAct.>

U.S. Secret Service
**August 10, 2009**
Page 2 of 4

FOIA, please provide sufficient identifying information with respect to each allegedly exempt record or portion thereof to allow us to assess the propriety of the claimed exemption. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). In addition, any reasonably segregable portion of a responsive record must be provided, after redaction of any allegedly exempt material. 5 U.S.C. § 552(b).

For purpose of this request, the term "record" shall mean: (1) any written, printed, or typed material of any kind, including without limitation all correspondence, memoranda, notes, messages, letters, cards, telegrams, teletypes, facsimiles, papers, forms, records, telephone messages, diaries, schedules, calendars, chronological data, minutes, books, reports, charts, lists, ledgers, invoices, worksheets, receipts, returns, computer printouts, printed matter, prospectuses, statements, checks, statistics, surveys, affidavits, contracts, agreements, transcripts, magazine or newspaper articles, or press releases; (2) any electronically, magnetically, or mechanically stored material of any kind, including without limitation all electronic mail or e-mail, meaning any electronically transmitted text or graphic communication created upon and transmitted or received by any computer or other electronic device, and all materials stored on compact disk, computer disk, diskette, hard drive, server, or tape; (3) any audio, aural, visual, or video records, recordings, or representations of any kind, including without limitation all cassette tapes, compact disks, digital video disks, microfiche, microfilm, motion pictures, pictures, photographs, or videotapes; (4) any graphic materials and data compilations from which information can be obtained; (5) any materials using other means of preserving thought or expression; and (6) any tangible things from which data or information can be obtained, processed, recorded, or transcribed. The term "record" also shall mean any drafts, alterations, amendments, changes, or modifications of or to any of the foregoing.

Judicial Watch also hereby requests a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) and 5 U.S.C. § 552(a)(4)(A)(iii). Judicial Watch is entitled to a waiver of search fees under 5 U.S.C. § 552(a)(4)(A)(ii)(II) because it is a member of the news media. See *National Security Archive v. U.S. Department of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989). In fact, Judicial Watch has been recognized as a member of the news media in other FOIA litigation. See *Judicial Watch, Inc. v. U.S. Department of Justice*, 133 F. Supp.2d 52 (D.D.C. 2000); and, *Judicial Watch, Inc. v. Dep't of Defense*, 2006 U.S. Dist. LEXIS 44003, *1 (D.D.C. June 28, 2006). Judicial Watch, Inc. regularly obtains information about the operations and activities of government through FOIA and other means, uses its editorial skills to turn this information into distinct works, and publishes and disseminates these works to the public. It intends to do likewise with the records it receives in response to this request.

U.S. Secret Service
**August 10, 2009**
Page 3 of 4

    Judicial Watch also is entitled to a complete waiver of both search fees and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Under this provision, records:

> shall be furnished without any charge or at a charge
> reduced below the fees established under clause (ii) if
> disclosure of the information is in the public interest
> because it is likely to contribute significantly to public
> understanding of the operations or activities of government
> and is not primarily in the commercial interest of the
> requester. 5 U.S.C. § 552(a)(4)(A)(iii).

In addition, if records are not produced within twenty (20) business days, Judicial Watch is entitled to a complete waiver of search and duplication fees under the OPEN Government Act of 2007, Section 6(b).

    Judicial Watch is a 501(c)(3), not-for-profit, educational organization, and, by definition, it has no commercial purpose. Judicial Watch exists to educate the public about the operations and activities of government, as well as to increase public understanding about the importance of ethics and the rule of law in government. The particular records requested herein are sought as part of Judicial Watch's ongoing efforts to document the operations and activities of the federal government and to educate the public about these operations and activities. Once Judicial Watch obtains the requested records, it intends to analyze them and disseminate the results of its analysis, as well as the records themselves, as a special written report. Judicial Watch will also educate the public via radio programs, Judicial Watch's website, and/or newsletter, among other outlets. It also will make the records available to other members of the media or researchers upon request. Judicial Watch has a proven ability to disseminate information obtained through FOIA to the public, as demonstrated by its long-standing and continuing public outreach efforts, including radio and television programs, website, newsletter, periodic published reports, public appearances, and other educational undertakings.

    Given these circumstances, Judicial Watch is entitled to a public interest fee waiver of both search costs and duplication costs. Nonetheless, in the event our request for a waiver of search and/or duplication costs is denied, Judicial Watch is willing to pay up to $350.00 in search and/or duplication costs. Judicial Watch requests that it be contacted before any such costs are incurred, in order to prioritize search and duplication efforts.

    In an effort to facilitate record production within the statutory time limit, Judicial Watch is willing to accept documents in electronic format (e.g. e-mail, .pdfs). When necessary, Judicial Watch will also accept the "rolling production" of documents.

U.S. Secret Service
August 10, 2009
Page 4 of 4

      If you do not understand this request or any portion thereof, or if you feel you require clarification of this request or any portion thereof, please contact us immediately at 202-646-5172 or tmillspaw@judicialwatch.org. We look forward to receiving the requested documents and a waiver of both search and duplication costs within twenty (20) business days. Thank you for your cooperation.

Sincerely,

*[signature]*

Tegan Millspaw
Judicial Watch