UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:09-cv-02312-BAH |
| UNITED STATES SECRET SERVICE, ) | |
| Defendant. ) | |

## DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT

Defendant, by its undersigned counsel, hereby moves that summary judgment be granted in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure, on the ground that there is no genuine issue as to any material fact and therefore defendant is entitled to judgment as a matter of law. The grounds for this motion are more fully set forth in the accompanying Memorandum of Law in Support of Defendant's Second Motion for Summary Judgment.

Dated: March 24, 2014

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director

/s/ *Brad P. Rosenberg*
BRAD P. ROSENBERG (D.C. Bar No. 467513)
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 514-3374
Facsimile: (202) 616-8460
E-mail: brad.rosenberg@usdoj.gov

*Attorneys for the Defendant
United States Secret Service*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |
| Plaintiff, | |
| v. | Case No. 1:09-cv-02312-BAH |
| UNITED STATES SECRET SERVICE, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
<u>**DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT**</u>

STUART F. DELERY
Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director

BRAD P. ROSENBERG
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 514-3374
Facsimile: (202) 616-8460
E-mail: brad.rosenberg@usdoj.gov

*Attorneys for the Defendant*
*United States Secret Service*

**TABLE OF CONTENTS**

**PAGE**

INTRODUCTION ............................................................................................................................1

BACKGROUND  ............................................................................................................................2

   1.  The White House Access Control System ..............................................................................2

   2.  Procedural Background............................................................................................................3

ARGUMENT ...................................................................................................................................4

  I.  The Secret Service Lacks the Ability to Process Judicial Watch's FOIA Request Because WAVES Records Do Not Identify Which Visits Are Made to FOIA Components ................4

  II. This Court Lacks the Authority to Order the Secret Service to Obtain Assistance from Third Parties ................................................................................................7

CONCLUSION ..............................................................................................................................10

## INTRODUCTION

This case involves a Freedom of Information Act ("FOIA") request that Judicial Watch made to the United States Secret Service ("Secret Service") for records of all visitors to the White House Complex during the first seven months of the Obama Administration. As originally presented, the legal question implicated by plaintiff's FOIA request was whether White House visitor logs are "agency records" subject to FOIA. This Court held that they are, but the D.C. Circuit concluded otherwise, holding that records reflecting visits to what it called the "Office of the President" – consisting of the President himself, his "immediate personal staff [and] units in the Executive Office whose sole function is to advise and assist the President" – are not subject to FOIA. *Judicial Watch v. U.S. Secret Serv.*, 726 F.3d 208, 216 (D.C. Cir. 2013). The Court, however, distinguished these components (hereinafter, "PRA Components"[1]) from a sub-set of other offices located on the grounds of the White House Complex that historically have been subject to FOIA (hereinafter, "FOIA Components"). *Id.* at 232. Because the FOIA Components are considered "agencies" subject to FOIA, the D.C. Circuit concluded that records reflecting visits to these offices, unlike the PRA Components, are subject to disclosure under FOIA. *Id.* As a result, this case was remanded to this Court for further proceedings consistent with that holding.

The Secret Service moves at this time to dismiss the remainder of this case. For the reasons set forth below, it is not possible for the Secret Service to distinguish between records reflecting visits to FOIA Components as opposed to PRA Components. Consistent with long established law in this Circuit providing that FOIA requesters "must take the agency records as

---

[1] Defendant uses the term "PRA Components" in reference to the Presidential Records Act, 44 U.S.C. § 2201, *et seq*.

he finds them," *Yeager v. Drug Enforcement Administration*, 678 F.2d 315, 323 (D.C. Cir. 1982), this case must be dismissed because the Secret Service cannot process what remains of plaintiff's request.

## BACKGROUND

**1.     The White House Access Control System.**

As this Court is aware, the Secret Service monitors and controls access to the White House Complex through use of a system known as the White House Access Control System ("WHACS"). *Judicial Watch*, 726 F.3d at 212.[2] That system, in turn, has two principal components: The Worker and Visitor System ("WAVES") and the Access Control Records system ("ACR"). *Id.* WAVES records are generated when an authorized pass holder submits information about the visitor and visit to the Secret Service. *Id.* The information includes, among other things, the visitor's name, the date and location of the planned visit, and the name of the pass holder who is submitting the request. *Id.* The information is typically submitted electronically. *Id.* When a cleared visitor seeks to enter the White House Complex, he or she is oftentimes issued a badge,[3] and an ACR record is generated whenever the visitor swipes the badge over one of the electronic pass readers located at the White House Complex's entrances and exits. *Id.* This also has the effect of updating the WAVES record. *Id.*

---

[2]     A more detailed discussion of WHACS can be found in the government's Memorandum of Law in Support of Defendant's Cross-Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment, which is incorporated herein by reference. *See* ECF No. 13, Apr. 21, 2010.

[3]     In some circumstances, such as large group events, badges are not issued.

2.     **Procedural Background.**

While there has been a long history of FOIA litigation over White House visitor logs, this case "involves the latest and broadest FOIA request for WHACS records." *Judicial Watch*, 726 F.3d at 214.  On August 10, 2009, Judicial Watch asked the Secret Service for "[a]ll official visitors logs and/or other records concerning visits made to the White House from January 20, 2009 to the present."  *Id.*  The Secret Service denied the request on October 8, 2009, taking the position that WAVES and ACR records are not "agency records" subject to FOIA, but instead are "Presidential records" subject to the Presidential Records Act, 44 U.S.C. § 2201, *et seq.*  The Secret Service also noted that the Obama Administration had recently announced a voluntary disclosure policy for WAVES records.  *Judicial Watch*, 726 F.3d at 214.  Judicial Watch nonetheless filed suit in this Court in order to compel disclosure of the WAVES records.  Applying the four-factor test set forth in *Tax Analysts v. U.S. Department of Justice*, 845 F.2d 1060 (D.C. Cir. 1988), *aff'd*, 492 U.S. 136 (1989), this court ruled in favor of Judicial Watch and held that WAVES records are "agency records" subject to FOIA.  *See Judicial Watch, Inc. v. U.S. Secret Serv.*, 803 F. Supp. 2d 51 (D.D.C. 2011); ECF No. 21, Aug. 17, 2011.

Finding that "special policy considerations . . . are at stake here," the D.C. Circuit applied a different analytical framework and concluded that records reflecting visitors to PRA Components are not "agency records" subject to FOIA.  *Judicial Watch*, 726 F.3d at 221, 231.  However, the court noted that "there is a subcategory of [visitor] records as to which our holding does not apply."  *Id.* at 232.  Specifically, the D.C. Circuit acknowledged that certain offices located on the grounds of the White House Complex, such as the Office of Management and Budget ("OMB") and the Council for Environmental Quality ("CEQ"), are considered to be

3

"agencies" under FOIA.  *Id.* & n.28.[4]  Accordingly, the court held that, "subject to any applicable exemptions, the Secret Service may not withhold [visitor] records that reveal visitors to those offices within the White House Complex that are themselves subject to FOIA," as "[t]hose documents are 'agency records.'"  *Id.* at 233-34.  In so doing, however, the court also acknowledged that "the government does maintain that it would be less burdensome for the requesters to get the information directly from the offices themselves" and noted that this "is a contention that can be made to the district court."  *Id.* at 233.

## ARGUMENT

**I.      The Secret Service Lacks the Ability to Process Judicial Watch's FOIA Request Because WAVES Records Do Not Identify Which Visits Are Made to FOIA Components.**

What began as a lawsuit involving a FOIA request for records of all visitors to the White House Complex is now both narrower in scope and impossible to process.  In light of the D.C. Circuit's decision that records of visitors to PRA Components are not subject to FOIA, what remains is the subcategory of records reflecting visits to the FOIA Components.  However, the Secret Service lacks a recordkeeping system that would allow it to segregate records of visits to FOIA Components from those to PRA Components.  Accordingly, the Secret Service cannot process what remains of Judicial Watch's FOIA request.

While WAVES records contain a series of fields, none identifies whether a record relates to a visit to a PRA Component or a FOIA Component.  *See* Decl. of Senior Application

---

[4]     Specifically, and in addition to OMB and CEQ, the White House's website lists the Office of National Drug Control Policy, the Office of the U.S. Trade Representative, and the Office of Science Technology Policy as units covered by FOIA.  *See Judicial Watch*, 726 F.3d at 232 n.28 (citing http://www.whitehouse.gov/administration/eop/ostp/library/compliance/foia).

Developer William Willson (attached hereto) ¶ 8 (identifying visitor record fields from a sample of ten visitor records during relevant time period).[5] These records reveal the name of the person being visited or the person making the appointment (the "caller name"), but do not reveal whether those individuals are employed by PRA Components or FOIA Components, as there is no "field in the WAVES that indicates what office the [person being visited] is employed by or what office the person making the appointment is employed by." *Id.* ¶ 9.  The field "meeting location" is unilluminating because "both the PRA Components and the FOIA Components utilize both the Eisenhower Executive Office Building (EEOB) and the New Executive Office Building (NEOB)." *Id.* ¶ 11.  As for the "description" field contained within WAVES, that "is a 'free form' field" that allows users to make various remarks regarding security arrangements or other general information about a visitor; it does not, for example, identify whether a particular event is PRA Component-sponsored or FOIA Component-sponsored. *Id.* ¶ 12.[6]

Simply put, the limitations of the recordkeeping system at issue here – WAVES – does not permit the Secret Service to identify records reflecting visits to FOIA Components.  This implicates – and magnifies – a fundamental FOIA principle.  It is well-settled that FOIA "was not

---

[5] The Secret Service obtained these ten records from the White House Office of Records Management following the D.C. Circuit's remand in order to evaluate its ability to respond to what remains of plaintiff's FOIA request.  *See* Willson Decl. ¶ 7.

[6] To be sure, there are a few obvious names of people who make appointments for visits – such as Rahm Emanuel – that would allow the Secret Service to surmise that the visit was to a PRA component as opposed to a FOIA Component.  Willson Decl. ¶ 10.  But Judicial Watch is not seeking visitor logs relating to a prominent individual, or even a series of individuals; instead, its request now effectively seeks all WAVES records reflecting visits to the FOIA Components over a seven-month period, which would require investigating additional facts for almost 500,000 records.  *See Judicial Watch*, 726 F.3d at 230.

intended to reduce government agencies to full-time investigators on behalf of requesters." *Assassination Archives & Research Ctr. v. CIA* ("*AARC*"), 720 F. Supp. 217, 219 (D.D.C. 1989); *see also Blakey v. DOJ*, 549 F. Supp. 362, 366-67 (D.D.C. 1982) ("The FOIA was not intended to compel agencies to become ad hoc investigators for requesters whose requests are not compatible with their own information retrieval systems."), *aff'd*, 720 F.2d 215 (D.C. Cir. 1983). Instead, a FOIA request must allow an agency employee to locate a record with a reasonable amount of effort, which depends both on the nature of the request and the type of records system an agency has. *See, e.g.*, *Nat'l Sec. Counselors v. CIA*, 898 F. Supp. 2d 233, 275-76 (D.D.C. 2012) (noting that it is "unreasonable to require agencies to throw practical considerations to the wind in deciding whether they can process FOIA requests"). Thus, "an agency is presumably unable 'to determine' precisely what records [are] being requested when it cannot perform a reasonable search for the requested records within the limitations of how its records systems are configured." *Id.* Finally, "agencies are not required to maintain their records or perform searches which are not compatible with their own document retrieval systems." *AARC*, 720 F. Supp. at 219.

To that end, when it is impossible to conduct a search due to the limitations of an agency's recordkeeping system, an agency need not engage in an exercise in futility in order to try to respond to a FOIA request. Directly on point is *Moore v. National DNA Index System*, 662 F. Supp. 2d 136 (D.D.C. 2009), in which plaintiff, who had been convicted of a state criminal offense, sought DNA records about himself from the Federal Bureau of Investigation's National DNA Index System ("NDIS"). *See id.* at 137. That database contains DNA records uploaded by federal, state, and local criminal justice agencies. *See id.* at 138. The database, however, "does

6

not contain individuals' names or any other personal identifier that would allow the records in the NDIS to be identified with a specific person." *Id.* Accordingly, the court held that a search of the database would be futile and was not required by FOIA:

> The FBI cannot determine which records in the NDIS relate to a particular state convict. In other words, it is not possible for the defendants to identify records in the NDIS that are responsive to Moore's request for DNA records about himself. Therefore, both a futile search and not searching are methods equally reasonably calculated to uncover responsive documents. The defendants have not searched the record systems they control for which it is impossible to identify records related to Moore. Under these circumstances – where a search for records related to Moore is, by design, literally impossible for the defendants to conduct – not searching satisfies the FOIA requirement of conducting a search that is reasonably calculated to uncover responsive documents.

*Id.* at 139 (internal citation and footnote omitted). Here, as in *Moore*, the Secret Service cannot identify the records in its database (reflecting visits to FOIA Components) that are responsive to plaintiff's FOIA request. Here, as in *Moore*, attempting to search the WAVES database is literally impossible because the WAVES database does not contain the field necessary to identify the category of records that plaintiff seeks. Accordingly, here, as in *Moore*, not searching the WAVES database would satisfy FOIA's requirement of conducting a reasonable search.

At bottom, the Secret Service lacks the information necessary to further process this FOIA request. On that basis alone, this Court should grant summary judgment to the defendant.

## II.   This Court Lacks the Authority to Order the Secret Service to Obtain Assistance from Third Parties.

To the extent Judicial Watch continues to pursue this FOIA litigation against the Secret Service for records reflecting visits to these FOIA Components (rather than attempt to obtain records directly from those agencies or through the voluntary disclosure program), then Judicial Watch must accept both the inherent limitations of FOIA and this Court's jurisdiction.

7

A court's jurisdiction in FOIA cases is limited to enjoining an agency from improperly withholding "agency record[s]." 5 U.S.C. § 552(a)(4)(B) (providing that district court "has jurisdiction to enjoin an agency from withholding agency records and to order the production of any agency records improperly withheld"); *see also Tax Analysts v. DOJ*, 913 F. Supp. 599, 601-02 (D.D.C. 1996). Moreover, the Secret Service is the only defendant in this lawsuit. PRA Components are not defendants in this lawsuit; nor can they be, as they are not subject to FOIA. Nor are the FOIA Components defendants; accordingly, they are not subject to this Court's jurisdiction. These procedural facts and jurisdictional principles, in conjunction with the inherent limitations of the WAVES data, preclude further processing of this request.

For example, it might be that third parties (such as the White House) retain employment information that could possibly shed light on whether individuals making visit requests at the White House Complex were employed by FOIA Components (thus presumably making WAVES records associated with those visits subject to FOIA).[7] However, nothing in the FOIA requires the Secret Service to obtain this information from third parties, be it the White House, another agency, or a public library. (If anything else, it would improperly turn the Secret Service into a research service.) Nor does this Court have the ability to order the Secret Service to try to obtain these types of third-party records in order to attempt to process a FOIA request. *See* 5 U.S.C. § 552(a)(4)(B) (limiting court's jurisdiction to ordering "production of any agency records

---

[7] In making this observation, the Secret Service does not suggest that such records would allow it to process what remains of the FOIA request. Instead, such information would, at most, theoretically allow the Secret Service to attempt to piece together, in some circumstances, relevant information about a person being visited or a caller name. Willson Decl. ¶ 13. And even then, it would "provide, at best, incomplete and/or inaccurate information." *Id.*

improperly withheld"); *cf. Skurow v. DHS*, 892 F. Supp. 2d 319, 328 (D.D.C. 2012) (holding that FBI is not a component of DHS and, thus, TSA was under no obligation to search FBI records); *Bonaparte v. DOJ*, No. 07-0749, 2008 WL 2569379, at *1 (D.D.C. June 27, 2008) (finding search adequate when it revealed that records had been transferred to NARA, and stating that requester could seek records from NARA). And even if the Secret Service were ordered to ask for the information necessary to permit it to attempt to process the FOIA request, there is no requirement that any third parties being asked for such information comply, as they are not defendants in this lawsuit.

Moreover, any attempt to involve PRA Components in the further processing of this FOIA request would potentially raise separation of powers concerns. The D.C. Circuit in this very case expressed concern that, if all WHACS records were held to be subject to FOIA, this would impose a burden on the White House to review all such records for possible exemption under FOIA based on privilege, which would give rise to separation of powers concerns. *See Judicial Watch*, 726 F.3d at 230. Purporting to require PRA Components to segregate those WAVES records that are subject to FOIA from those that are not could impose like burdens and, hence, the same separation-of-powers concerns.

Of further relevance to the consideration of these issues is the fact that, to the extent that Judicial Watch seeks visitor information in relation to those entities within the White House Complex that are subject to FOIA, it is free to file a FOIA request with them to see what visitor-related records they might have. Judicial Watch could also avail itself of the White House's voluntary disclosure policy, at least to the extent it is seeking records regarding particular visitors. Judicial Watch's continued pursuit of this litigation, in light of the logistical difficulties

9

involved and the clear alternatives that are available, simply makes no sense.  Courts have taken a "'practical approach' . . . in interpreting the [Freedom of Information] Act," *Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1039 (7th Cir. 1998) (quoting *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 157 (1990)), allowing agencies to prioritize their resources, notwithstanding the obligations to provide access to records under FOIA.  *See, e.g.*, *Int'l Counsel Bureau v. U.S. Dep't of Defense*, 723 F. Supp. 2d 54, 59-60 (D.D.C. 2010).  This Court can apply that practical approach here and hold that the Secret Service has no further obligations to attempt to process what remains of plaintiff's FOIA request.

## CONCLUSION

Defendant's Second Motion for Summary Judgment should be granted.

DATED:  March 24, 2014              Respectfully submitted,

                STUART F. DELERY
                Assistant Attorney General

                JOHN R. TYLER
                Assistant Branch Director

                <u>/s/ *Brad P. Rosenberg*</u>
                BRAD P. ROSENBERG (D.C. Bar No. 467513)
                Trial Attorney
                U.S. Department of Justice,
                Civil Division, Federal Programs Branch
                P.O. Box 883
                Washington, D.C.  20044
                Telephone:  (202) 514-3374
                Facsimile:  (202) 616-8460
                E-mail:  brad.rosenberg@usdoj.gov

                *Attorneys for the Defendant*
                *United States Secret Service*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUDICIAL WATCH, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES SECRET SERVICE, )<br>)<br>Defendant. )<br>) | Case No. 1:09-cv-02312-BAH |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to LCvR 7(h)(1), defendant United States Secret Service hereby provides defendant's statement of material facts not in dispute.

1. There is no data field in the Worker and Visitor Entrance System ("WAVES") that identifies whether a visitee (the person being visited) or the person making an appointment is employed by a component in the White House that is subject to FOIA ("FOIA Component") versus a component in the White House that is not subject to FOIA ("PRA Component"). *See* Declaration of Senior Application Developer William Willson, United States Secret Service ¶¶ 8-9.

2. The meeting location field in WAVES does not identify whether a particular visitor record relates to a visit to a FOIA Component or a PRA Component, as both FOIA Components and PRA Components use both the Eisenhower Executive Office Building and the New Executive Office Building. *Id.* ¶ 11.

3. The description field in WAVES is a "free form" field that allows users to make remarks regarding issues such as security arrangements regarding the visitor or the type of event

the visitor is attending.  This field does not identify whether the event is sponsored by a PRA Component or a FOIA Component.

DATED:  March 24, 2014               Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director


/s/ *Brad P. Rosenberg*
BRAD P. ROSENBERG (D.C. Bar No. 467513)
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 514-3374
Facsimile:  (202) 616-8460
E-mail:  brad.rosenberg@usdoj.gov

*Attorneys for the Defendant*
*United States Secret Service*